

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-24-00105-CR

_____

SERVANDO QUINONEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Deaf Smith County, Texas
Trial Court No. 2022-0298, Honorable D.J. Wagner, Presiding

August 30, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Servando Quinonez appealed his conviction for driving while intoxicated. His sole issue concerns the trial court's refusal to grant his motion to suppress. Allegedly, there was insufficient evidence that he committed a traffic violation. We affirm.

***Background***

Officer Alvaro Sandoval stopped appellant about 1:00 a.m. for failing to properly signal a turn. The stop followed information the officer received about five minutes earlier. It indicated the driver of a small white vehicle was leaving an event center after drinking

heavily. The officer first spied a car matching the description and then followed it. The car proceeded down the road at 20 mph though the posted limit was 40. Then, it slowed to stop at an intersection. At the intersection, the driver (appellant) activated his turn signal. This, in the officer's opinion, not only violated a traffic statute requiring the signal to be activated at least 100 feet before turning but also provided the officer basis to stop appellant.

Apparently seeing the officer activate his emergency lights, appellant promptly stopped. The officer then approached appellant, smelled alcohol, and asked if he had been drinking. Appellant answered affirmatively.

### Analysis

Again, appellant contends the trial court erred in denying his motion to suppress evidence garnered from the stop since it, allegedly, was improper. We overrule the issue.

We review a trial court's ruling on a motion to suppress under the bifurcated standard of review discussed in *State v. Ruiz*, 581 S.W.3d 782 (Tex. Crim. App. 2019). Furthermore, the decision will be upheld if correct on any applicable theory of law, and the record reasonably supports the ruling. *Id.* at 785.

Next, a warrantless traffic stop is a Fourth Amendment seizure that is analogous to temporary detention; therefore, it must be justified by reasonable suspicion. *State v. Hardin*, 664 S.W.3d 867, 872 (Tex. Crim. App. 2022). If an officer has reasonable suspicion that a person committed a traffic violation, the officer may conduct a traffic stop. *Id.* Additionally, reasonable suspicion exists if the officer has specific articulable facts that, combined with rational inferences from those facts, would lead the officer to

2

reasonably conclude the person is, has been, or soon will be engaged in criminal activity. *Id.*

In Texas, it is a criminal offense if an operator of a motor vehicle intending to turn fails to "signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." TEX. TRANSP. CODE ANN. § 545.104(b). And, if the traffic offense is committed in the presence of a peace officer, an ensuing stop is reasonable. *Jaramillo v. State*, No. 07-15-00245-CR, 2016 Tex. App. LEXIS 3222, at *4 (Tex. App.—Amarillo Mar. 29, 2016, no pet.) (mem. op., not designated for publication).

Here, the officer testified to seeing appellant signal his turn far less than 100 feet before turning at the intersection. Rather, the "vehicle was at or near the stop sign whenever it began to signal its turn." The trial court was free to accept the testimony both as credible and legitimizing the traffic stop. Thus, its decision to deny the motion to suppress had basis in both law and fact. *See Lewis v. State*, No. 02-16-00415-CR, 2018 Tex. App. LEXIS 1781, at *5-6 (Tex. App.—Fort Worth Mar. 8, 2018, pet. ref'd) (mem. op., not designated for publication) (finding no error in denying motion to suppress when officer testified that the defendant failed to signal before turning).

Accordingly, we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.


3